IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TODD A. PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09-cv-00024-WDS-CJP |
| | ) | |
| CASINO QUEEN, INC., | ) | **PLAINTIFF DEMANDS TRIAL** |
| | ) | **BY JURY ON ALL COUNTS** |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Todd Porter, by and through his attorneys, Mathis, Marifian, Richter & Grandy, Ltd., and for his Complaint against the Defendant, Casino Queen, Inc., states as follows:

## NATURE OF ACTION

This is an action to correct unlawful employment practices and retaliation based on race brought under Title VII of the Civil Rights Act of 1964, the Illinois Human Rights Act (IHRA), the Missouri Human Rights Act ("MHRA"), as well as other applicable civil rights and anti-discrimination laws, breach of contract and violations of state and federal common law. Plaintiff, a former employee of the Defendant, Casino Queen, had previously filed a Charge of Discrimination and lawsuit against the Defendant, Casino Queen, alleging racial discrimination and retaliation. That lawsuit was ultimately settled. Thereafter, Plaintiff applied for, was offered, and did accept, a position with another casino, Lumiere Place Casino and Hotel. Plaintiff's employment with Lumiere Place Casino and Hotel was then terminated in retaliation for having previously exercised his rights under Title VII and other applicable law.

**JURISDICTION AND VENUE**

1. Plaintiff brings this action to remedy violations under Title VII of the Civil Rights Act of 1964, the Illinois Human Rights Act (IHRA), the Missouri Human Rights Act ("MHRA"), for breach of contract and to remedy violations of state common law based upon the pendent jurisdiction of this Court pursuant to <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715 (1966), and 28 U.S.C. § 1367. Jurisdiction of the state law claims is founded upon the pendent or supplemental jurisdiction of the Court pursuant to <u>United Mine Workers of America v. Gibbs</u>, 38 U.S. 715 (1966), and 28 U.S.C. § 1367.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Illinois.

3. Plaintiff has complied with all administrative prerequisites by filing a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), more than 60 days before the filing of this lawsuit. A true and accurate copy of the Charge filed against the Casino Queen is attached hereto as Exhibit A.

4. The EEOC has issued a Notice of Right-to-Sue to Plaintiff. A true and accurate copy of the Notice of Right-to-Sue is attached hereto as Exhibit B.

**PARTIES**

5. Plaintiff, Todd Porter, was and is, at all times relevant herein, a citizen and resident of the City of O'Fallon, St. Clair County, Illinois.

6. At all times relevant herein, Defendant, Casino Queen, Inc., was and is an Illinois corporation with its principal place of business located in East St. Louis, Illinois, and has continuously had at least 15 employees.

7. At all times relevant herein, Defendant, Casino Queen, Inc., was and is engaged in an industry affecting commerce and, at all times pertinent hereto, was an employer within the meaning of 42 U.S.C. §2000e(b), (g) and (h).

## GENERAL ALLEGATIONS

8. Plaintiff, Todd Porter, is an African-American male.

9. At all times relevant herein, the Defendant, Casino Queen, Inc., owned, operated, managed, controlled and/or was the licensee under State law of a casino located at 200 South Front Street, East St. Louis, St. Clair County, Illinois.

10. Plaintiff, Todd Porter, was employed by the Casino Queen as a bartender beginning in 1995.

11. During the course of his employment with the Casino Queen Plaintiff was subjected to acts of racial discrimination, harassment, intimidation, retaliation and hostile work environment by members of the Casino Queen management.

12. On or about October 10, 2003, Plaintiff filed a Charge of Discrimination with the EEOC and the Illinois Department of Human Rights alleging racial discrimination, harassment, intimidation, retaliation and hostile work environment committed by members of the Casino Queen management.

13. Thereafter, on or about November 18, 2003, the Defendant, Casino Queen, Inc., terminated Plaintiff's employment.

14. Thereafter, the EEOC issued to Plaintiff a Notice of Right-to-Sue.

15. Plaintiff, together with others, filed a lawsuit in the United States District Court for the Southern District of Illinois captioned "*Todd Porter, Krista Porter, Sharmin Clifton and Aaron Oliver v. Casino Queen, Inc.,*" Case No. 05-129-MJR, alleging racial discrimination,

harassment, intimidation, retaliation and hostile work environment against the Defendant, Casino Queen.

16. On or about December 19, 2005, Defendant, Casino Queen, Inc., entered into a Settlement Agreement and Release with the Plaintiff, a copy of which is attached hereto as Exhibit C.

17. As set forth in the Settlement Agreement and Release, Plaintiff agreed to settle the claims made against the Defendant, Casino Queen, in exchange for payment of monetary consideration by the Defendant Casino Queen to Plaintiff in the amount of $70,000.00, payment by the Defendant Casino Queen of the mediator's fee, and an agreement by the Defendant Casino Queen "to provide Porter with a neutral employment reference consisting of the dates of his employment." (Exhibit C).

18. Lumiere Place Casino and Hotel ("Lumiere Place) owns, operates, manages, controls and/or is the licensee under State law of a casino located at 999 N. 2nd Street, St. Louis, Missouri.

19. On or about November 13, 2007, Plaintiff interviewed for a job at Lumiere Place.

20. On or about November 13, 2007, Lumiere Place offered Plaintiff a full time position of employment.

21. Plaintiff accepted the position of employment with Lumiere Place.

22. On or about November 15, 2007, Plaintiff was contacted by phone at his home in O'Fallon, Illinois, by a representative/employee of Lumiere Place and was told that the Casino Queen had given him a very "unfavorable" reference.

23. On or about November 15, 2007, Plaintiff was told by a representative/employee of Lumiere Place that as a result of the very unfavorable reference from the Casino Queen his employment with Lumiere Place was terminated.

24. The actions of the Defendant, Casino Queen, were racially motivated and carried out in retaliation for the Plaintiff, Todd Porter, having exercised his rights under Title VII and other applicable civil rights and anti-discrimination laws.

## COUNT I
### (Racial Discrimination)

25. Paragraphs 1 through 24 of this Complaint are incorporated herein by reference as if fully set forth herein.

26. As a direct and proximate result of the Defendant, Casino Queen's unlawful conduct, Plaintiff, Todd Porter, was subjected to unlawful racial discrimination including, but not limited to, the termination of his employment with Lumiere Place.

27. As a direct and proximate result of the Defendant, Casino Queen's unlawful conduct, Plaintiff, Todd Porter, has suffered and will continue to suffer severe humiliation, embarrassment, degradation, mental anguish and emotional and physical distress.

28. As a direct and proximate result of the Defendant, Casino Queen's unlawful conduct, Plaintiff, Todd Porter, has suffered and will continue to suffer the loss of his employment and career with the Defendant, Lumiere Place, and in the casino industry generally, including the loss of salary, wages, bonuses, benefits and other compensation which such employment entails, as well as future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

29. The unlawful conduct of the Defendant, Casino Queen was done with malice or reckless indifference to Plaintiff's rights under Title VII, and was so outrageous, extreme and in disregard of the interests of the Plaintiff so as to entitle Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, Todd Porter, respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant, Casino Queen, as follows:

(a) That a finding be entered that the Defendant intentionally discriminated against the Plaintiff with malice or reckless indifference to Plaintiff's federally protected rights in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-3, as amended by the Civil Rights Act of 1991;

(b) That Plaintiff be made whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c) That Plaintiff be awarded all wages, benefit and compensation lost due to Defendants' unlawful conduct, including backpay, front pay and all future pecuniary losses, with prejudgment interest, other equitable relief as necessary to eradicate the effects of the unlawful employment practices;

(d) That Plaintiff be awarded all other compensatory damages permitted by law;

(e) That Plaintiff be awarded punitive damages;

(f) That Plaintiff be awarded reasonable attorneys fees and costs; and

(g) That Plaintiff be awarded such other relief as this Court may deem just and proper.

## COUNT II
### (Retaliation)

30. Paragraphs 1 through 24 of this Complaint are incorporated herein by reference as if fully set forth herein.

31. In retaliation for having reported and pursued an action for unlawful racial discrimination, harassment, retaliation and hostile work environment, the Defendant, Casino Queen, provided Lumiere Place with an unfavorable reference.

32. As a direct and proximate result of the Casino Queen's unlawful conduct, the Plaintiff has suffered, and will continue to suffer, severe humiliation, embarrassment, degradation, mental anguish and emotional and physical distress.

33. As a direct and proximate result of the Casino Queen's unlawful conduct, the Plaintiff has suffered, and will continue to suffer, the loss of employment and career with Lumiere Place, and in the casino industry in general, including the loss of salary, wages, bonuses, benefits and other compensation which such employment entails, as well as future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

34. The unlawful conduct of the Casino Queen was done with malice or reckless indifference to Plaintiff's rights under Title VII, and was so outrageous, extreme and in disregard of the interests of the Plaintiff so as to entitle the Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, Todd Porter, respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant, Casino Queen, as follows:

(a) That a finding be entered that the Casino Queen intentionally retaliated against the Plaintiffs with malice or reckless indifference to the Plaintiffs' federally protected rights in

7

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-3, as amended by the Civil Rights Act of 1991;

(b)  That Plaintiff be made whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c)  That Plaintiff be awarded all wages, benefit and compensation lost due to the Casino Queen's unlawful conduct, including backpay, front pay and all future pecuniary losses, with prejudgment interest, and such other equitable relief as may be deemed necessary to eradicate the effects of the unlawful employment practices;

(d)  That Plaintiff be awarded all other compensatory damages permitted by law;

(e)  That Plaintiff be awarded punitive damages;

(f)  That Plaintiff be awarded reasonable attorneys fees and costs; and

(g)  That Plaintiff be awarded such other relief as this Court may deem just and proper.

## COUNT IV
### (Breach of Contract)

35.  Paragraphs 1 through 24 of this Complaint are incorporated herein by reference as if fully set forth herein.

36.  In exchange for lawful consideration as more fully described in the Settlement Agreement and Release, a copy of which is attached hereto as Exhibit C, the Defendant, Casino Queen, did offer, and the Plaintiff, Todd Porter, did accept, a settlement of his prior lawsuit and claims against the Defendant Casino Queen.

37.     At all times relevant herein, the terms and conditions of the Settlement Agreement and Release were valid, binding and enforceable.

38.     Paragraph 2 of the Settlement Agreement and Release states, in relevant part, that the consideration paid by the Defendant, Casino Queen, to the Plaintiff included the following: "Casino Queen has agreed to provide Porter with a neutral employment reference consisting of the dates of his employment.

39.     The Defendant, Casino Queen, breached the Settlement Agreement and Release in that the Defendant, Casino Queen, failed to provide Lumiere Place with a neutral employment reference consisting of the Plaintiff's dates of employment, but rather gave a very unfavorable reference.

40.     As a direct and proximate result of the Casino Queen's breach of the Settlement Agreement and Release, the Plaintiff's employment with Lumiere Place was terminated and the Plaintiff has suffered, and will continue to suffer, the loss of employment and career with Lumiere Place, and in the casino industry in general, including the loss of salary, wages, bonuses, benefits and other compensation which such employment entails, as well as future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff, Todd Porter, respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant, Casino Queen, and that Plaintiff be awarded damages including, but not limited to, all wages, benefits and compensation lost due to the breach by the Defendant, Casino Queen, including backpay, front pay and all future pecuniary losses, and such other relief as may be deemed just and proper.

## COUNT V
### (Tortious Interference)

41. Paragraphs 1 through 24 of this Complaint are incorporated herein by reference as if fully set forth herein.

42. Plaintiff, Todd Porter, had a valid business/employment relationship or expectancy with Lumiere Place.

43. The Defendant, Casino Queen, knew or should have known of the business/employment relationship or expectancy between the Plaintiff and Lumiere Place.

44. The Defendant, Casino Queen, intentionally interfered with the business/employment relationship or expectancy between the Plaintiff and Lumiere Place, causing a breach or termination of that relationship or expectancy.

45. As a direct and proximate result of the Casino Queen's intentional interference with the business/employment relationship or expectancy between the Plaintiff and Lumiere Place, the Plaintiff's employment with Lumiere Place was terminated and the Plaintiff has suffered, and will continue to suffer, the loss of employment and career with Lumiere Place, and in the casino industry in general, including the loss of salary, wages, bonuses, benefits and other compensation which such employment entails, as well as future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff, Todd Porter, respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant, Casino Queen, and that Plaintiff be awarded damages including, but not limited to, all wages, benefits and compensation lost due to the breach by the Defendant, Casino Queen, including backpay, front pay and all future pecuniary losses, punitive damages, and such other relief as may be deemed just and proper.

**PLAINTIFF DEMANDS TRIAL
BY JURY ON ALL COUNTS**

                                          MATHIS, MARIFIAN, RICHTER & GRANDY, LTD.

                                          s/Mark S. Schuver
                                          Mark S. Schuver, #06197656
                                          23 Public Square, Suite 300
                                          P.O. Box 307
                                          Belleville, Illinois  62220
                                          Phone:  (618) 234-9800
                                          Fax:  (618) 234-9786

                                          Attorneys for Plaintiffs