IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TODD A. PORTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:09-cv-00024-WDS-CJP |
| | ) |
| CASINO QUEEN INC., | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

Now comes the defendant, Casino Queen Inc., by and through its attorneys, Donovan, Rose, Nester & Joley, P.C. and for its Answer to Plaintiff's Complaint, states as follows:

### Nature of Action

Plaintiff has not asserted the specific allegations in separate numbered paragraphs. For the foregoing reasons, defendant has separated said allegations in numbered paragraphs so it can appropriately respond to the allegations asserted.

1. This is an action to correct unlawful employment practices and retaliation based on race brought under Title VII of the Civil Rights Act of 1964, the Illinois Human Rights Act (IHRA), the Missouri Human Rights Act ("MHRA"), as well as other applicable civil rights and anti-discrimination laws, breach of contract and violations of state and federal common law.

Response: Defendant acknowledges that the statutes identified in paragraph 1 exist; however, Casino Queen avers that the allegations in paragraph 1 are legal conclusions that do not require a response. To the extent that plaintiff attempts to allege any facts in paragraph 1, defendant denies those allegations.

2. Plaintiff, a former employee of the defendant, Casino Queen, had previously filed a Charge of Discrimination and lawsuit against the defendant, Casino Queen, alleging racial discrimination and retaliation.

Response: Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.   That lawsuit was ultimately settled.

Response:   Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.   Thereafter, plaintiff applied for, was offered, and did accept a position with another casino, Lumiere Place Casino and Hotel.

Response:   Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 4 of the Complaint, and demands strict proof thereof.

5.   Plaintiff's employment with Lumiere Place Casino and Hotel was then terminated in retaliation for having previously exercised his rights under Title VII and other applicable law.

Response:   Defendant denies the allegations contained in paragraph 5 of the Complaint.

## Jurisdiction and Venue

1.   Defendant acknowledges that the statutes identified in paragraph 1 exist; however, Casino Queen avers that the allegations in paragraph 1 are legal conclusions that do not require a response. To the extent that plaintiff attempts to allege any facts in paragraph 1, defendant denies those allegations.

2.   Defendant avers that the allegations in paragraph 2 are legal conclusions that do not require a response. To the extent that plaintiff attempts to allege any facts in paragraph 2, defendant denies those allegations.

3.   Defendant denies the allegations contained in paragraph 3 of the Complaint.

4.   Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 4 of the Complaint, and demands strict proof thereof.

## Parties

5.   Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 5 of the Complaint, and demands strict proof thereof.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant acknowledges that the statute identified in paragraph 7 exists; however, Casino Queen avers that the allegations in paragraph 7 are legal conclusions that do not require a response. To the extent that plaintiff attempts to allege any facts in paragraph 7, defendant denies those allegations.

## General Allegations

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant admits plaintiff filed a Charge of Discrimination with the allegations identified in this paragraph, but denies that it was filed on October 10, 2003.

13. Defendant, Casino Queen Inc., admits that plaintiff was terminated in November of 2003.

14. Defendant admits the allegations contained in paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in paragraph 15 of the Complaint.

16. Defendant admits that it entered into a Settlement Agreement and Release in December of 2005 and that the Agreement is attached as Exhibit C.

17. Defendant admits the allegations contained in paragraph 17 of the Complaint.

18. Defendant admits the allegations contained in paragraph 18 of the Complaint.

19. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 19 of the Complaint, and demands strict proof thereof.

20. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 20 of the Complaint, and demands strict proof thereof.

21. Defendant has insufficient knowledge to either admit or deny the allegations contained in paragraph 21 of the Complaint, and demands strict proof thereof.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

### Count I (Racial Discrimination)

25. Defendant reasserts and realleges its answers to paragraphs 1 through 24 as if fully set forth herein.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

### Count II (Retaliation)

30. Defendant reasserts and realleges its answers to paragraphs 1 through 24 as if fully set forth herein.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

### Count IV (Breath of Contract)

35. Defendant reasserts and realleges its answers to paragraphs 1 through 24 as if fully set forth herein.

36. Defendant admits the allegations contained in paragraph 36 of the Complaint.

37. Defendant avers that the allegations in paragraph 37 are legal conclusions that do not require a response. To the extent that plaintiff attempts to allege any facts in paragraph 37, defendant denies those allegations.

38. Defendant admits the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

### Count V (Tortious Interference)

41. Defendant reasserts and realleges its answers to paragraphs 1 through 24 as if fully set forth herein.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

WHEREFORE, having fully answered plaintiff's Complaint, defendant, Casino Queen Inc., denies that plaintiff is entitled to judgment in any amount and prays that plaintiff's Complaint be dismissed with prejudice and such further relief the Court deems necessary and proper.

BY /s/KRISTINE M. MACK
MICHAEL J. NESTER #02037211
KRISTINE M. MACK #06207261
Donovan, Rose, Nester & Joley, P.C.
8 East Washington Street
Belleville, IL 62220
(618) 235-2020

Attorney for Defendant, Casino Queen, Inc.

<u>**CERTIFICATE OF SERVICE**</u>

     I, hereby certify that on February 10, 2009, I electronically filed Answer with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

<u>/s/KRISTINE M. MACK</u>
Kristine M. Mack
Donovan, Rose, Nester & Joley, P.C.
8 East Washington Street
Belleville, IL 62220

**Copies Forwarded To:**
Mr. Mark Schuver
Mathis, Marifan, Richter & Grandy, Ltd.
23 Public Square, Ste. 300
P.O. Box 307
Belleville, IL 62220
**Attorney for Plaintiff**