## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TODD A. PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09-cv-00024-WDS-CJP |
| | ) | |
| CASINO QUEEN, INC., and PINNACLE | ) | |
| ENTERTAINMENT, INC., d/b/a LUMIERE | ) | |
| PLACE CASINO AND HOTEL, CASINO | ) | |
| ONE CORPORATION, d/b/a LUMIERE | ) | |
| PLACE CASINO AND HOTEL and DARLA | ) | |
| LEACH, Individually and as an Agent on | ) | |
| On behalf of Defendants PINNACLE | ) | |
| ENTERTAINMENT, INC., d/b/a LUMIERE | ) | |
| PLACE CASINO AND HOTEL and CASINO | ) | |
| ONE CORPORATION, d/b/a LUMIERE | ) | |
| PLACE CASINO AND HOTEL, | ) | |
| | ) | |
| Defendants. | ) | |

### FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, Todd Porter, by and through his attorneys, Mathis, Marifian, Richter & Grandy, Ltd., and for his Complaint against the Defendants, Casino Queen, Inc., Pinnacle Entertainment, Inc., d/b/a Lumiere Place Casino and Hotel, Casino One Corporation, d/b/a Lumiere Place Casino and Hotel and Darla Leach, Individually and as an Agent on behalf of Pinnacle Entertainment, Inc., d/b/a Lumiere Place Casino and Hotel, and Casino One Corporation, d/b/a Lumiere Place Casino and Hotel, states as follows:

### NATURE OF ACTION

This is an action to correct unlawful employment practices and retaliation based on race brought under Title VII of the Civil Rights Act of 1964, the Missouri Human Rights Act ("MHRA"), as well as other applicable civil rights and anti-discrimination laws, breach of

contract and violations of state and federal common law. Plaintiff, a former employee of the

Defendant, Casino Queen, had previously filed a Charge of Discrimination and lawsuit against

the Defendant, Casino Queen, alleging racial discrimination and retaliation. That lawsuit was

ultimately settled. Thereafter, Plaintiff applied for, was offered, and did accept, a position with

another casino, Lumiere Place Casino and Hotel. Plaintiff's employment with Lumiere Place

Casino and Hotel was then terminated in retaliation for having previously exercised his rights

under Title VII and other applicable law.

## JURISDICTION AND VENUE

1.     Plaintiff brings this action to remedy violations under Title VII of the Civil Rights

Act of 1964, and the Missouri Human Rights Act ("MHRA"), for breach of contract and to

remedy violations of state common law based upon the pendent jurisdiction of this Court

pursuant to United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966), and 28 U.S.C.

§ 1367. Jurisdiction of the state law claims is founded upon the pendent or supplemental

jurisdiction of the Court pursuant to United Mine Workers of America v. Gibbs, 38 U.S. 715

(1966), and 28 U.S.C. § 1367.

2.     The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Southern District of Illinois.

3.     Plaintiff has complied with all administrative prerequisites by filing timely

Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"),

more than 60 days before the filing of this lawsuit. A true and accurate copy of the Charge filed

against the Casino Queen is attached hereto as Exhibit A. A true and accurate copy of the

Charge filed against Pinnacle Entertainment, Inc., d/b/a Lumiere Place Casino and Hotel is

attached hereto as Exhibit C.

2

4.      The EEOC has issued a Notice of Right-to-Sue to Plaintiff.  A true and accurate copy of the Notice of Right-to-Sue as to the Casino Queen is attached hereto as Exhibit B.  A true and accurate copy of the Notice of Right-to-Sue as to Pinnacle Entertainment, Inc., d/b/a Lumiere Place Casino and Hotel is attached hereto as Exhibit D.

## PARTIES

5.      Plaintiff, Todd Porter, was and is, at all times relevant herein, a citizen and resident of the City of O'Fallon, St. Clair County, Illinois.

6.      At all times relevant herein, Defendant, Casino Queen, Inc., was and is an Illinois corporation with its principal place of business located in East St. Louis, Illinois, and has continuously had at least 15 employees.

7.      At all times relevant herein, Defendant, Casino Queen, Inc., was and is engaged in an industry affecting commerce and, at all times pertinent hereto, was an employer within the meaning of 42 U.S.C. §2000e(b), (g) and (h).

8.      At all times relevant herein, Defendant, Pinnacle Entertainment, Inc., d/b/a Lumiere Place Casino and Hotel, was and is a Delaware corporation with its principal place of business located in Las Vegas, Nevada, and has continuously had at least 15 employees.

9.      At all times relevant herein, Defendant, Casino One Corporation, d/b/a Lumiere Place Casino and Hotel, was and is a subsidiary of Pinnacle Entertainment, Inc., d/b/a Lumiere Place Casino and Hotel, and was and is a foreign corporation with its principal place of business located in Las Vegas, Nevada, and has continuously had at least 15 employees.

10.     At all times relevant herein, Defendants, Pinnacle Entertainment, Inc., d/b/a Lumiere Place Casino and Hotel, and Casino One Corporation, d/b/a Lumiere Place Casino and Hotel, (hereinafter collectively referred to as "Lumiere Place") were and are engaged in an

industry affecting commerce and, at all times pertinent hereto, were an employer within the meaning of 42 U.S.C. §2000e(b), (g) and (h).

11.     Upon information and belief, Defendant Darla Leach is a resident of the State of Illinois and, since at least November of 2007, was and is an employee of Defendant Lumiere Place.

12.     Defendant, Darla Leach, was previously an employee of the Defendant, Casino Queen, Inc.

## GENERAL ALLEGATIONS

13.     Plaintiff, Todd Porter, is an African-American male.

14.     At all times relevant herein, the Defendant, Casino Queen, Inc., owned, operated, managed, controlled and/or was the licensee under State law of a casino located at 200 South Front Street, East St. Louis, St. Clair County, Illinois.

15.     Plaintiff, Todd Porter, was employed by the Casino Queen as a bartender beginning in 1995.

16.     During the course of his employment with the Casino Queen Plaintiff was subjected to acts of racial discrimination, harassment, intimidation, retaliation and hostile work environment by members of the Casino Queen management including, but not limited to, Defendant Darla Leach.

17.     On or about October 10, 2003, Plaintiff filed a Charge of Discrimination with the EEOC and the Illinois Department of Human Rights alleging racial discrimination, harassment, intimidation, retaliation and hostile work environment committed by members of the Casino Queen management including, but not limited to, Defendant Darla Leach.

18.     Thereafter, on or about November 18, 2003, the Defendant, Casino Queen, Inc., terminated Plaintiff's employment.

19.     Thereafter, the EEOC issued to Plaintiff a Notice of Right-to-Sue.

20.     Plaintiff, together with others, filed a lawsuit in the United States District Court for the Southern District of Illinois captioned "*Todd Porter, Krista Porter, Sharmin Clifton and Aaron Oliver v. Casino Queen, Inc.,*" Case No. 05-129-MJR, alleging racial discrimination, harassment, intimidation, retaliation and hostile work environment against the Defendant, Casino Queen.

21.     On or about December 29, 2005, Defendant, Casino Queen, Inc., entered into a Settlement Agreement and Release with the Plaintiff, a copy of which is attached hereto as Exhibit E.

22.     As set forth in the Settlement Agreement and Release, Plaintiff agreed to settle the claims made against the Defendant, Casino Queen, in exchange for payment of monetary consideration by the Defendant Casino Queen to Plaintiff in the amount of $70,000.00, payment by the Defendant Casino Queen of the mediator's fee, and an agreement by the Defendant Casino Queen "to provide Porter with a neutral employment reference consisting of the dates of his employment." (Exhibit E).

23.     Defendant Lumiere Place owns, operates, manages, controls and/or is the licensee under State law of a casino located at 999 N. 2nd Street, St. Louis, Missouri.

24.     On or about November 13, 2007, Plaintiff interviewed for a job at Lumiere Place.

25.     On or about November 13, 2007, Defendant Lumiere Place offered Plaintiff a full time position of employment.

26.     Plaintiff accepted the position of employment with Defendant Lumiere Place.

27.     On or about November 15, 2007, Plaintiff was contacted by phone at his home in O'Fallon, Illinois, by a representative/employee of <u>Defendant</u> Lumiere Place and was told that the Casino Queen had given him a very "unfavorable" reference.

28.     On or about November 15, 2007, Plaintiff was told by a representative/employee of <u>Defendant</u> Lumiere Place that as a result of the very unfavorable reference from the Casino Queen his employment with <u>Defendant</u> Lumiere Place was terminated.

29.     <u>Defendant Darla Leach, was a former employee of Defendant, Casino Queen.</u>

30.     <u>Upon information and belief, as a current employee of the Defendant, Lumiere Place, Defendant Darla Leach contributed to the decision to terminate Plaintiff's employment with Defendant Lumiere Place</u>.

31.     The actions of the Defendant, Casino Queen, were racially motivated and carried out in retaliation for the Plaintiff, Todd Porter, having exercised his rights under Title VII and other applicable civil rights and anti-discrimination laws.

32.     <u>The actions of the Defendant, Lumiere Place, were racially motivated and carried out in retaliation for the Plaintiff, Todd Porter, having exercised his rights under Title VII and other applicable civil rights and anti-discrimination laws.</u>

33.     <u>The actions of the Defendant, Darla Leach, both individually and as an agent of Defendant, Lumiere Place, were racially motivated and carried out in retaliation for the Plaintiff, Todd Porter, having exercised his rights under Title VII and other applicable civil rights and anti-discrimination laws.</u>

6

## COUNT I
### (Racial Discrimination – Casino Queen)

34.    Paragraphs 1 through 33 of this Complaint are incorporated herein by reference as if fully set forth herein.

35.    As a direct and proximate result of the Defendant, Casino Queen's unlawful conduct, Plaintiff, Todd Porter, was subjected to unlawful racial discrimination including, but not limited to, the termination of his employment with Defendant Lumiere Place.

36.    As a direct and proximate result of the Defendant, Casino Queen's unlawful conduct, Plaintiff, Todd Porter, has suffered and will continue to suffer severe humiliation, embarrassment, degradation, mental anguish and emotional and physical distress.

37.    As a direct and proximate result of the Defendant, Casino Queen's unlawful conduct, Plaintiff, Todd Porter, has suffered and will continue to suffer the loss of his employment and career with the Defendant, Lumiere Place, and in the casino industry generally, including the loss of salary, wages, bonuses, benefits and other compensation which such employment entails, as well as future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

38.    The unlawful conduct of the Defendant, Casino Queen was done with malice or reckless indifference to Plaintiff's rights under Title VII, and was so outrageous, extreme and in disregard of the interests of the Plaintiff so as to entitle Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, Todd Porter, respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant, Casino Queen, as follows:

(a)    That a finding be entered that the Defendant intentionally discriminated against the Plaintiff with malice or reckless indifference to Plaintiff's federally protected rights in

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-3, as amended by the Civil Rights Act of 1991;

(b)    That Plaintiff be made whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c)    That Plaintiff be awarded all wages, benefit and compensation lost due to Defendant's unlawful conduct, including backpay, front pay and all future pecuniary losses, with prejudgment interest, other equitable relief as necessary to eradicate the effects of the unlawful employment practices;

(d)    That Plaintiff be awarded all other compensatory damages permitted by law;

(e)    That Plaintiff be awarded punitive damages;

(f)    That Plaintiff be awarded reasonable attorneys fees and costs; and

(g)    That Plaintiff be awarded such other relief as this Court may deem just and proper.

**COUNT II**
**(Retaliation – Casino Queen)**

39.    Paragraphs 1 through 33 of this Complaint are incorporated herein by reference as if fully set forth herein.

40.    In retaliation for having reported and pursued an action for unlawful racial discrimination, harassment, retaliation and hostile work environment, the Defendant, Casino Queen, provided Lumiere Place with an unfavorable reference.

41.   As a direct and proximate result of the Casino Queen's unlawful conduct, the Plaintiff has suffered, and will continue to suffer, severe humiliation, embarrassment, degradation, mental anguish and emotional and physical distress.

33.   As a direct and proximate result of the Casino Queen's unlawful conduct, the Plaintiff has suffered, and will continue to suffer, the loss of employment and career with Lumiere Place, and in the casino industry in general, including the loss of salary, wages, bonuses, benefits and other compensation which such employment entails, as well as future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

34.   The unlawful conduct of the Casino Queen was done with malice or reckless indifference to Plaintiff's rights under Title VII, and was so outrageous, extreme and in disregard of the interests of the Plaintiff so as to entitle the Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, Todd Porter, respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant, Casino Queen, as follows:

(a)   That a finding be entered that the Casino Queen intentionally retaliated against the Plaintiff with malice or reckless indifference to the Plaintiff's federally protected rights in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-3, as amended by the Civil Rights Act of 1991;

(b)   That Plaintiff be made whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c)     That Plaintiff be awarded all wages, benefit and compensation lost due to the Casino Queen's unlawful conduct, including backpay, front pay and all future pecuniary losses, with prejudgment interest, and such other equitable relief as may be deemed necessary to eradicate the effects of the unlawful employment practices;

(d)     That Plaintiff be awarded all other compensatory damages permitted by law;

(e)     That Plaintiff be awarded punitive damages;

(f)     That Plaintiff be awarded reasonable attorneys fees and costs; and

(g)     That Plaintiff be awarded such other relief as this Court may deem just and proper.

## COUNT III
### (Breach of Contract – Casino Queen)

35.     Paragraphs 1 through 33 of this Complaint are incorporated herein by reference as if fully set forth herein.

36.     In exchange for lawful consideration as more fully described in the Settlement Agreement and Release, a copy of which is attached hereto as Exhibit C, the Defendant, Casino Queen, did offer, and the Plaintiff, Todd Porter, did accept, a settlement of his prior lawsuit and claims against the Defendant Casino Queen.

37.     At all times relevant herein, the terms and conditions of the Settlement Agreement and Release were valid, binding and enforceable.

38.     Paragraph 2 of the Settlement Agreement and Release states, in relevant part, that the consideration paid by the Defendant, Casino Queen, to the Plaintiff included the following: "Casino Queen has agreed to provide Porter with a neutral employment reference consisting of the dates of his employment."

10

39.     The Defendant, Casino Queen, breached the Settlement Agreement and Release in that the Defendant, Casino Queen, failed to provide Lumiere Place with a neutral employment reference consisting of the Plaintiff's dates of employment, but rather gave a very unfavorable reference.

40.     As a direct and proximate result of the Casino Queen's breach of the Settlement Agreement and Release, the Plaintiff's employment with Lumiere Place was terminated and the Plaintiff has suffered, and will continue to suffer, the loss of employment and career with Lumiere Place, and in the casino industry in general, including the loss of salary, wages, bonuses, benefits and other compensation which such employment entails, as well as future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff, Todd Porter, respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant, Casino Queen, and that Plaintiff be awarded damages including, but not limited to, all wages, benefits and compensation lost due to the breach by the Defendant, Casino Queen, including backpay, front pay and all future pecuniary losses, and such other relief as may be deemed just and proper.

### COUNT IV
### (Tortious Interference – Casino Queen)

41.     Paragraphs 1 through 33 of this Complaint are incorporated herein by reference as if fully set forth herein.

42.     Plaintiff, Todd Porter, had a valid business/employment relationship or expectancy with Lumiere Place.

43.     The Defendant, Casino Queen, knew or should have known of the business/employment relationship or expectancy between the Plaintiff and Lumiere Place.

11

44.     The   Defendant,   Casino   Queen,   intentionally   interfered   with   the business/employment relationship or expectancy between the Plaintiff and Lumiere Place, causing a breach or termination of that relationship or expectancy.

45.     As a direct and proximate result of the Casino Queen's intentional interference with the business/employment relationship or expectancy between the Plaintiff and Lumiere Place, the Plaintiff's employment with Lumiere Place was terminated and the Plaintiff has suffered, and will continue to suffer, the loss of employment and career with Lumiere Place, and in the casino industry in general, including the loss of salary, wages, bonuses, benefits and other compensation which such employment entails, as well as future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff, Todd Porter, respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant, Casino Queen, and that Plaintiff be awarded damages including, but not limited to, all wages, benefits and compensation lost due to the breach by the Defendant, Casino Queen, including backpay, front pay and all future pecuniary losses, punitive damages, and such other relief as may be deemed just and proper.

## COUNT V
### (Racial Discrimination – Lumiere Place)

46.     Paragraphs 1 through 33 of this Complaint are incorporated herein by reference as if fully set forth herein.

47.     As  a  direct  and  proximate  result  of  the  Defendant,  Lumiere  Place's  unlawful conduct, Plaintiff, Todd Porter, was subjected to unlawful racial discrimination including, but not limited to, the termination of his employment with Defendant Lumiere Place.

48.   As a direct and proximate result of the Defendant, Lumiere Place's unlawful conduct, Plaintiff, Todd Porter, has suffered and will continue to suffer severe humiliation, embarrassment, degradation, mental anguish and emotional and physical distress.

49.   As a direct and proximate result of the Defendant, Lumiere Place's unlawful conduct, Plaintiff, Todd Porter, has suffered and will continue to suffer the loss of his employment and career with the Defendant, Lumiere Place, and in the casino industry generally, including the loss of salary, wages, bonuses, benefits and other compensation which such employment entails, as well as future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

50.   The unlawful conduct of the Defendant, Lumiere Place, was done with malice or reckless indifference to Plaintiff's rights under Title VII, and was so outrageous, extreme and in disregard of the interests of the Plaintiff so as to entitle Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, Todd Porter, respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant, Lumiere Place, as follows:

(a)   That a finding be entered that the Defendant intentionally discriminated against the Plaintiff with malice or reckless indifference to Plaintiff's federally protected rights in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-3, as amended by the Civil Rights Act of 1991;

(b)   That Plaintiff be made whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c)     That Plaintiff be awarded all wages, benefit and compensation lost due to the Defendant Lumiere Place's unlawful conduct, including backpay, front pay and all future pecuniary losses, with prejudgment interest, other equitable relief as necessary to eradicate the effects of the unlawful employment practices;

(d)     That Plaintiff be awarded all other compensatory damages permitted by law;

(e)     That Plaintiff be awarded punitive damages;

(f)     That Plaintiff be awarded reasonable attorneys fees and costs; and

(g)     That Plaintiff be awarded such other relief as this Court may deem just and proper.

## COUNT VI
### (Retaliation – Lumiere Place)

51.     Paragraphs 1 through 33 of this Complaint are incorporated herein by reference as if fully set forth herein.

52.     In retaliation for having reported and pursued an action for unlawful racial discrimination, harassment, retaliation and hostile work environment, the Defendant, Lumiere Place, terminated Plaintiff's employment.

53.     As a direct and proximate result of the Defendant Lumiere Place's unlawful conduct, the Plaintiff has suffered, and will continue to suffer, severe humiliation, embarrassment, degradation, mental anguish and emotional and physical distress.

54.     As a direct and proximate result of the Defendant Lumiere Place's unlawful conduct, the Plaintiff has suffered, and will continue to suffer, the loss of employment and career with Lumiere Place, and in the casino industry in general, including the loss of salary, wages, bonuses, benefits and other compensation which such employment entails, as well as future

pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

55.    The unlawful conduct of the Defendant Lumiere Place was done with malice or reckless indifference to Plaintiff's rights under Title VII, and was so outrageous, extreme and in disregard of the interests of the Plaintiff so as to entitle the Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, Todd Porter, respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant, Lumiere Place, as follows:

(a)    That a finding be entered that the Defendant Lumiere Place intentionally retaliated against the Plaintiff with malice or reckless indifference to the Plaintiff's federally protected rights in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-3, as amended by the Civil Rights Act of 1991;

(b)    That Plaintiff be made whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c)    That Plaintiff be awarded all wages, benefit and compensation lost due to the Defendant Lumiere Place's unlawful conduct, including backpay, front pay and all future pecuniary losses, with prejudgment interest, and such other equitable relief as may be deemed necessary to eradicate the effects of the unlawful employment practices;

(d)    That Plaintiff be awarded all other compensatory damages permitted by law;

(e)    That Plaintiff be awarded punitive damages;

(f)    That Plaintiff be awarded reasonable attorneys fees and costs; and

(g)     That Plaintiff be awarded such other relief as this Court may deem just and proper.

## COUNT VII
### (Missouri Human Rights Act Racial Discrimination – Lumiere Place)

56.     Paragraphs 1 through 33 of this Complaint are incorporated herein by reference as if fully set forth herein.

57.     Defendant Lumiere Place employs and employed at all times relevant herein six (6) or more individuals within the State of Missouri.

58.     Defendant Lumiere Place subjected Plaintiff, Todd Porter, to unlawful racial discrimination including, but not limited to, the termination of his employment with Defendant Lumiere Place because of his race, in violation of the Missouri Human Rights Act, R.S.Mo. §213.055.1(1)(a).

59.     As a direct and proximate result of the Defendant, Lumiere Place's unlawful conduct, Plaintiff, Todd Porter, has suffered and will continue to suffer severe humiliation, embarrassment, degradation, mental anguish and emotional and physical distress.

60.     As a direct and proximate result of the Defendant, Lumiere Place's unlawful conduct, Plaintiff, Todd Porter, has suffered and will continue to suffer the loss of his employment and career with the Defendant, Lumiere Place, and in the casino industry generally, including the loss of salary, wages, bonuses, benefits and other compensation which such employment entails, as well as future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

61.     The unlawful conduct of the Defendant, Lumiere Place, was done with malice or reckless indifference to Plaintiff's rights under the Missouri Human Rights Act, and was so

outrageous, extreme and in disregard of the interests of the Plaintiff so as to entitle Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, Todd Porter, respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant, Lumiere Place, as follows:

(a)     That a finding be entered that the Defendant intentionally discriminated against the Plaintiff with malice or reckless indifference to Plaintiff's protected rights in violation of the Missouri Human Rights Act, R.S.Mo. §213.055.1(1)(a);

(b)     That Plaintiff be made whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c)     That Plaintiff be awarded all wages, benefit and compensation lost due to the Defendant Lumiere Place's unlawful conduct, including backpay, front pay and all future pecuniary losses, with prejudgment interest, other equitable relief as necessary to eradicate the effects of the unlawful employment practices;

(d)     That Plaintiff be awarded all other compensatory damages permitted by law;

(e)     That Plaintiff be awarded punitive damages;

(f)     That Plaintiff be awarded reasonable attorneys fees and costs; and

(g)     That Plaintiff be awarded such other relief as this Court may deem just and proper.

## COUNT VIII
### (Missouri Human Rights Act Retaliation – Lumiere Place)

62.     Paragraphs 1 through 33 of this Complaint are incorporated herein by reference as if fully set forth herein.

63.    In retaliation for having reported and pursued an action for unlawful racial discrimination, harassment, retaliation and hostile work environment, the Defendant, Lumiere Place, terminated Plaintiff's employment in violation of the Missouri Human Rights Act, R.S.Mo. §213.070(2).

64.    As a direct and proximate result of the Defendant Lumiere Place's unlawful conduct, the Plaintiff has suffered, and will continue to suffer, severe humiliation, embarrassment, degradation, mental anguish and emotional and physical distress.

65.    As a direct and proximate result of the Defendant Lumiere Place's unlawful conduct, the Plaintiff has suffered, and will continue to suffer, the loss of employment and career with Lumiere Place, and in the casino industry in general, including the loss of salary, wages, bonuses, benefits and other compensation which such employment entails, as well as future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

66.    The unlawful conduct of the Defendant Lumiere Place was done with malice or reckless indifference to Plaintiff's rights under the Missouri Human Rights Act, and was so outrageous, extreme and in disregard of the interests of the Plaintiff so as to entitle the Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, Todd Porter, respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant, Lumiere Place, as follows:

(a)    That a finding be entered that the Defendant Lumiere Place intentionally retaliated against Plaintiff with malice or reckless indifference to the Plaintiff's protected rights in violation of the Missouri Human Rights Act, R.S.Mo. §213.070(2);

(b)     That Plaintiff be made whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful discriminatory practices, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c)     That Plaintiff be awarded all wages, benefit and compensation lost due to the Defendant Lumiere Place's unlawful conduct, including backpay, front pay and all future pecuniary losses, with prejudgment interest, and such other equitable relief as may be deemed necessary to eradicate the effects of the unlawful discriminatory practices;

(d)     That Plaintiff be awarded all other compensatory damages permitted by law;

(e)     That Plaintiff be awarded punitive damages;

(f)     That Plaintiff be awarded reasonable attorneys fees and costs; and

(g)     That Plaintiff be awarded such other relief as this Court may deem just and proper.

### COUNT IX
### (Missouri Human Rights Act Racial Discrimination – Darla Leach)

67.     Paragraphs 1 through 33 of this Complaint are incorporated herein by reference as if fully set forth herein.

68.     Defendant Darla Leach, both individually and as an agent on behalf of Defendant, Lumiere Place, was, at all times relevant herein, aiding, abetting, inciting, compelling and/or coercing Defendant Lumiere Place in the commission of discriminatory acts prohibited by the Missouri Human Rights Act, R.S.Mo. §213.055.1(1)(a), including but not limited to the termination of Plaintiff's employment with Defendant Lumiere Place because of Plaintiff's race, or attempting to do so.

69.     As a direct and proximate result of the Defendant, Darla Leach's unlawful conduct, Plaintiff, Todd Porter, has suffered and will continue to suffer severe humiliation, embarrassment, degradation, mental anguish and emotional and physical distress.

70.     As a direct and proximate result of the Defendant, Darla Leach's unlawful conduct, Plaintiff, Todd Porter, has suffered and will continue to suffer the loss of his employment and career with the Defendant, Lumiere Place, and in the casino industry generally, including the loss of salary, wages, bonuses, benefits and other compensation which such employment entails, as well as future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

71.     The unlawful conduct of the Defendant, Darla Leach, was done with malice or reckless indifference to Plaintiff's rights under the Missouri Human Rights Act, and was so outrageous, extreme and in disregard of the interests of the Plaintiff so as to entitle Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, Todd Porter, respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant, Darla Leach, as follows:

(a)     That a finding be entered that the Defendant, Darla Leach, intentionally aided, abetted, incited, compelled or coerced the commission of acts prohibited under the Missouri Human Rights Act, R.S.Mo. §213.055, or attempted to do so, all with malice or reckless indifference to Plaintiff's protected rights;

(b)     That Plaintiff be made whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful discriminatory practices, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c)     That Plaintiff be awarded all wages, benefit and compensation lost due to the Defendant Darla Leach's unlawful conduct, including backpay, front pay and all future pecuniary losses, with prejudgment interest, other equitable relief as necessary to eradicate the effects of the unlawful discriminatory practices;

(d)     That Plaintiff be awarded all other compensatory damages permitted by law;

(e)     That Plaintiff be awarded punitive damages;

(f)     That Plaintiff be awarded reasonable attorneys fees and costs; and

(g)     That Plaintiff be awarded such other relief as this Court may deem just and proper.

## COUNT X
### (Missouri Human Rights Act Retaliation – Darla Leach)

72.     Paragraphs 1 through 33 of this Complaint are incorporated herein by reference as if fully set forth herein.

73.     In retaliation for having reported and pursued an action for unlawful racial discrimination, harassment, retaliation and hostile work environment, the Defendant, Darla Leach, both individually and as an agent on behalf of Defendant, Lumiere Place, retaliated against Plaintiff, including by aiding, abetting, inciting, compelling and/or coercing Defendant Lumiere Place to terminate Plaintiff's employment with Defendant Lumiere Place in violation of the Missouri Human Rights Act, R.S.Mo. §213.070(2), or attempting to do the same.

74.     As a direct and proximate result of the Defendant Darla Leach's unlawful conduct, the Plaintiff has suffered, and will continue to suffer, severe humiliation, embarrassment, degradation, mental anguish and emotional and physical distress.

75.     As a direct and proximate result of the Defendant Darla Leach's unlawful conduct, the Plaintiff has suffered, and will continue to suffer, the loss of employment and career

with Lumiere Place, and in the casino industry in general, including the loss of salary, wages, bonuses, benefits and other compensation which such employment entails, as well as future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

76.     The unlawful conduct of the Defendant Darla Leach was done with malice or reckless indifference to Plaintiff's rights under the Missouri Human Rights Act, and was so outrageous, extreme and in disregard of the interests of the Plaintiff so as to entitle the Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, Todd Porter, respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant, Darla Leach, as follows:

(a)     That a finding be entered that the Defendant Darla Leach intentionally retaliated against Plaintiff with malice or reckless indifference to the Plaintiff's protected rights in violation of the Missouri Human Rights Act, R.S.Mo. §213.070(2) because Plaintiff reported and pursued an action for unlawful racial discrimination, harassment, retaliation and hostile work environment;

(b)     That Plaintiff be made whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful discriminatory practices, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c)     That Plaintiff be awarded all wages, benefit and compensation lost due to the Defendant Darla Leach's unlawful conduct, including backpay, front pay and all future pecuniary losses, with prejudgment interest, and such other equitable relief as may be deemed necessary to eradicate the effects of the unlawful discriminatory practices;

(d)     That Plaintiff be awarded all other compensatory damages permitted by law;

(e)     That Plaintiff be awarded punitive damages;

(f)     That Plaintiff be awarded reasonable attorneys fees and costs; and

(g)     That Plaintiff be awarded such other relief as this Court may deem just and proper.

## COUNT XI
### (Violation of Section 1981 – Casino Queen)

77.     Paragraphs 1 through 33 of this Complaint are incorporated herein by reference as if fully set forth herein.

78.     Plaintiff is a member of a protected class.

79.     At all times relevant herein, Plaintiff was in a contractual relationship with the Defendant, Casino Queen, within the meaning of 42 U.S.C.A. § 1981, as amended.

80.     Defendant, Casino Queen, has violated Plaintiff's rights by depriving Plaintiff of his/her right to the enjoyment of all benefits, privileges, terms and conditions of Plaintiff's employment contract "as is enjoyed by white citizens," in violation of 42 U.S.C.A. § 1981(b), as amended.

81.     Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of of his contract as have white employees.

82.     Defendant's treatment, practices and policies directed toward Plaintiff, as more fully described in this Complaint, denied Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property "as is enjoyed by white citizens," in violation of 42 U.S.C.A. § 1981, as amended.

83. Defendant's treatment, practices and policies directed toward Plaintiff, as more fully described in this Complaint, denied Plaintiff the right to make and enforce contracts "as is enjoyed by white citizens," in violation of 42 U.S.C.A. § 1981, as amended.

84. Through Defendant's actions and treatment of Plaintiff, Defendant intended to discriminate against Plaintiff on the basis of Plaintiff's race.

WHEREFORE, Plaintiff, Todd Porter, respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant, Casino Queen, as follows:

(a) That a finding be entered that the Defendant Casino Queen intentionally denied Plaintiff the right to the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship with malice or reckless indifference to Plaintiff's federally protected rights in violation of 42 U.S.C.A. § 1981, as amended;

(b) That Plaintiff be made whole by providing compensation for past and future nonpecuniary losses resulting from depriving Plaintiff of the equal right to "make and enforce contracts" as provided by 42 U.S.C.A. § 1981, as amended, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c) That Plaintiff be awarded all wages, benefit and compensation lost due to the Defendant Casino Queen's unlawful conduct, including backpay and all future pecuniary losses, with prejudgment interest, and such other equitable relief as may be deemed necessary to eradicate the effects of the deprivation of rights provided by 42 U.S.C.A. § 1981, as amended;

(d) That Plaintiff be awarded all other compensatory damages permitted by law;

(e) That Plaintiff be awarded punitive damages from the Defendant Casino Queen in such sum as the Court determines would serve to deter the Casino Queen from its pattern of ongoing discrimination and violation of 42 U.S.C.A. § 1981, as amended;

(f)      That Plaintiff be awarded reasonable attorneys fees and costs; and

(g)      That Plaintiff be awarded such other relief as this Court may deem just and proper, including costs.

## COUNT XII
### (Violation of Section 1981 – Lumiere Place)

85.      Paragraphs 1 through 33 of this Complaint are incorporated herein by reference as if fully set forth herein.

86.      Plaintiff is a member of a protected class.

87.      At all times relevant herein, Plaintiff was in a contractual relationship with the Defendant, Lumiere Place, within the meaning of 42 U.S.C.A. § 1981, as amended.

88.      Defendant, Lumiere Place, has violated Plaintiff's rights by depriving Plaintiff of his/her right to the enjoyment of all benefits, privileges, terms and conditions of Plaintiff's employment contract "as is enjoyed by white citizens," in violation of 42 U.S.C.A. § 1981(b), as amended.

89.      Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of of his contract as have white employees.

90.      Defendant's treatment, practices and policies directed toward Plaintiff, as more fully described in this Complaint, denied Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property "as is enjoyed by white citizens," in violation of 42 U.S.C.A. § 1981, as amended.

91.      Defendant's treatment, practices and policies directed toward Plaintiff, as more fully described in this Complaint, denied Plaintiff the right to make and enforce contracts "as is enjoyed by white citizens," in violation of 42 U.S.C.A. § 1981, as amended.

92.    Through Defendant's actions and treatment of Plaintiff, Defendant intended to discriminate against Plaintiff on the basis of Plaintiff's race.

WHEREFORE, Plaintiff, Todd Porter, respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant, Lumiere Place, as follows:

(a)    That a finding be entered that the Defendant Lumiere Place intentionally denied Plaintiff the right to the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship with malice or reckless indifference to Plaintiff's federally protected rights in violation of 42 U.S.C.A. § 1981, as amended;

(b)    That Plaintiff be made whole by providing compensation for past and future nonpecuniary losses resulting from depriving Plaintiff of the equal right to "make and enforce contracts" as provided by 42 U.S.C.A. § 1981, as amended, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c)    That Plaintiff be awarded all wages, benefit and compensation lost due to the Defendant Lumiere Place's unlawful conduct, including backpay and all future pecuniary losses, with prejudgment interest, and such other equitable relief as may be deemed necessary to eradicate the effects of the deprivation of rights provided by 42 U.S.C.A. § 1981, as amended;

(d)    That Plaintiff be awarded all other compensatory damages permitted by law;

(e)    That Plaintiff be awarded punitive damages from the Defendant Lumiere Place in the such sum as the Court determines would serve to deter the Defendant, Lumiere Place, from its pattern of ongoing discrimination and violation of 42 U.S.C.A. § 1981, as amended;

(f)    That Plaintiff be awarded reasonable attorneys fees and costs; and

(g)    That Plaintiff be awarded such other relief as this Court may deem just and proper, including costs.

MATHIS, MARIFIAN, RICHTER & GRANDY, LTD.


s/Mark S. Schuver
Mark S. Schuver, #06197656
Laura E. Craft, #06284750
23 Public Square, Suite 300
P.O. Box 307
Belleville, Illinois  62220
Phone:  (618) 234-9800
Fax:  (618) 234-9786

Attorneys for Plaintiff

## Certificate Of Service

This is to certify that a copy hereof was served upon all attorneys of record by electronic delivery via the CM/ECF System, on this 30th day of March, 2009 to:

Mr. Michael Nester
Ms. Kristine Mack
Donovan, Rose et al.
8 East Washington St.
Belleville, IL 62220

s/Mark S. Schuver