IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TODD A. PORTER**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **09-24-WDS** |
| | ) |
| **CASINO QUEEN, INC.**, **et al.**, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

**PROUD, Magistrate Judge:**

Before the Court is plaintiff Porter's motion to compel the defendant Casino Queen, Inc., to fully respond to Interrogatories 10, 11 and 13, and Requests for Production 1, 12, 20-23 and 25. **(Doc. 51).** Defendant Casino Queen's response is also before the Court. **(Doc. 52).**

Plaintiff alleges that the defendant Casino Queen discriminated against him based on his race, retaliated against him for pursuing a discrimination claim, breached a settlement agreement, and intentionally interfered with plaintiff's business/employment relationship or expectancy thereof. Plaintiff, who was at one time a bartender at the Casino Queen, alleges that he was harassed, discriminated against and retaliated against by his supervising manager, Darla Leach, among others. Plaintiff further alleges that shortly after he accepted a job offer at Lumiere Place, he was "terminated," due to an extremely unfavorable reference from the Casino Queen and/or Darla Leach, who was then employed by Lumiere Place. Plaintiff also contends that the aforementioned unfavorable reference(s) violates a settlement agreement between the Casino Queen and himself. (*See* **Doc. 23).**

Relative to Interrogatory No. 10, defendant objects to revealing the reason(s) for Darla

1

Leach's termination from the Casino Queen. Defendant cites Leach's privacy interests, and further asserts that the information is irrelevant.

Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter relevant to the subject matter of the pending action, so long as the sought after information is not privileged, even if inadmissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

The Court of Appeals for the Seventh Circuit has not afforded blanket protection to personnel records. The Court recognizes the confidential nature of much of the information typically found in personnel files and the defendants' desire to keep a variety of employee information confidential. Nevertheless, the Court of Appeals for the Seventh Circuit has observed that "the contents of [employee personnel files] are by no means uniform. Some information contained in personnel files may be completely innocuous while other information could be of the most personal and sensitive nature." **National Labor Relations Board v. Pfizer, 763 F.2d 887, 891 (7th Cir. 1985).** While there is a legitimate general privacy interest in one's personnel files, that interest is not absolute, and does not inevitably trump other legitimate, competing interests. When weighing these competing interests, it is important to distinguish between a request for the personnel files of third parties– which routinely occurs in employment discrimination cases– and a specific request for the personnel files of a party to the litigation. The latter is not as intrusive as the former.

The defendant's bald assertion that the information sought is not relevant cannot carry

the day.  Darla Leach is a key participant in the events at issue in this action, and the reasons for the termination of her employment could be relevant to plaintiff's allegations and to plaintiff's cross-examination at trial.  As noted above, employment records are not presumptively private and entitled to protection.  No protective order has actually been sought; however, an agreed protective order can be used to protect Ms. Leach's general privacy interests, at least until such time as information from her personnel records is introduced into the record via deposition, motion or use in a judicial proceeding.  ***See Baxter International, Inc. v. Abbott Labs.,* 297 F.3d 544, 545 (7th Cir. 2002).**  Therefore, defendant's objections to Interrogatory No. 10 are overruled; the requested information must be produced.

Interrogatory No. 11 seeks communications between defendant Casino Queen and Lumiere Place regarding Darla Leach.  Defendant reiterates the objections discussed above relative to Interrogatory No. 10.  For the same reasons the requested information must be turned over to plaintiff.  Defendant's objections to Interrogatory No. 11 are overruled.

Interrogatory No. 13 seeks information regarding reports and complaints of discrimination, harassment, retaliation or "hostile work environment" involving Darla Leach.  Defendant questions the relevance of such information, and contends that allegations made by other employees would logically not cause Leach to act against plaintiff.  The Court perceives that such information is relevant; such "prior bad acts" may evince the Casino Queen's knowledge of certain opinions, behaviors and the like– some of which may be admissible at trial.  Therefore, defendant's objections to Interrogatory No. 13 are overruled, and responsive information must be turned over to plaintiff.

Request for Production No. 1 seeks documentation relied upon in responding to

interrogatories.  The Court rejects defendant's objection that the request is overly broad and unduly burdensome.  The documentation should have already been gathered, and the interrogatories do not suggest that an unreasonable amount of effort or documentation would be involved.   Defendant has not produced a privilege log or otherwise properly raised an objection based on privilege.  Therefore, defendant must comply with Request for Production No. 1.  The Curt will not preclude defendant from properly asserting, for example, attorney-client privilege or the work product doctrine.

Requests for Production Nos. 12, 20 and 21 all pertain to documentation regarding Darla Leach's personnel file, disciplinary records and termination.  For the reasons Interrogatories 10, 11 and 13 were deemed permissible, related documentation must be produced.

Requests for Production Nos. 22 and 23 seek documentation of communications between the Casino Queen and Lumiere Place regarding Darla Leach.  For the reasons Interrogatories 10 and 11 were deemed permissible, related documentation must be produced.

Request for Production No. 25 seeks documentation of reports and complaints of discrimination, harassment, retaliation or "hostile work environment" involving Darla Leach and any other employees.  For the reasons defendant must respond to Interrogatory No. 13, defendant must also produce the requested documentation.

**IT IS THEREFORE ORDERED** that, for the aforestated reasons, plaintiff's motion to compel **(Doc. 51)** is **GRANTED** in all respects.  On or before **December 24, 2009**, defendant shall comply with Interrogatories 10, 11 and 13, and Requests for Production 1, 12, 20-23 and

25.

**IT IS SO ORDERED.**

**DATED: December 10, 2009**

                <u>**s/ Clifford J. Proud**</u>
                **CLIFFORD J. PROUD**
                **U. S. MAGISTRATE JUDGE**