IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TODD A. PORTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 09-CV-024-WDS |
| | ) |
| CASINO QUEEN INC, | ) |
| | ) |
| Defendant. | ) |

### ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion to dismiss with prejudice (Doc. 70), to which defendant has filed an objection (Doc. 72), and plaintiff has a filed a memorandum in opposition to defendant's objection (Doc. 74).  Defendant has also filed a motion for summary judgment (Doc. 53), which was filed before plaintiff filed his motion to dismiss.

In its objection to plaintiff's motion to dismiss, defendant asserts that plaintiff's request for dismissal is tantamount to confessing the summary judgment motion, since it was filed the day before plaintiff's response to the summary judgment was due.  Defendant requests that the Court enter summary judgment and allow the defendant to pursue costs and attorneys' fees pursuant to Fed. R. Civ. P. 41(a)(2) and sanctions pursuant to Fed. R. Civ. P. 11.

Under Fed. R. Civ. P. 41(a)(1), the plaintiff may voluntarily dismiss an action without a court order by filing: "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who

1

have appeared," and unless otherwise stated, the dismissal is without prejudice.[1]  Except as provided above, under Fed. R. Civ. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" and unless otherwise stated, the dismissal is without prejudice.

In his motion to dismiss, plaintiff does not cite a particular rule under which he requests dismissal with prejudice.  Although defendant cites Rule 41, defendant concedes that it generally applies to dismissals without prejudice, but that no rules or cases direct the Court to refuse to apply it to dismissals with prejudice.[2]  The caselaw, however, emphasizes the fact that Rule 41 protects a defendant from incurring fees twice, should the plaintiff bring a subsequent suit

---

[1]However, "if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B).

[2]Pursuant to Fed. R. Civ. P. 41(a)(2), a dismissal of the plaintiff's complaint without prejudice is within the sound discretion of the district court:

> The district court abuses its discretion only when it can be established the defendant will suffer "plain legal prejudice" as the result of the district court's dismissal of the plaintiff's action.  In *Pace v. Southern Express Co.*, 409 F.2d 331 (7th Cir. 1969), we delineated several factors for courts to consider in determining whether the defendant has suffered "legal prejudice" as a result of the dismissal of an action without prejudice.
>     "[T]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant."
>     However, . . . , "[t]he enumeration of factors to be considered in *Pace* is not the equivalent to a mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate.  It is rather simply a guide for the trial judge, in whom the discretion ultimately rests."

*United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986) (internal citations omitted).  Notably, a court's consideration of the *Pace* factors applies to defendants who may suffer "legal prejudice" as a result of a dismissal *without prejudice*.

following a dismissal without prejudice. *See Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) "The purpose of awarding attorneys' fees on a voluntary dismissal without prejudice is to compensate the defendant for the unnecessary expense that the litigation has caused. Fees are not awarded when a plaintiff obtains a dismissal *with prejudice* because the 'defendant cannot be made to defend again.'" *Id*. (Internal citations omitted). If a dismissal is without prejudice, the defendant will potentially "incur duplicative legal expenses" to defend again later, and "the fee award should reimburse the defendant for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim." *Id.* Simply put, there is no risk of litigation of the same claim where the plaintiff requests dismissal *with prejudice*.[3]

Additionally, "many courts have held that if the dismissal is with prejudice, the court lacks the power to require the payment of attorney's fees, unless the case is of a kind in which attorney's fees otherwise might be ordered after termination on the merits." 9 Fed. Prac. & Proc. Civ. § 2366 (3d ed.). For instance, the Tenth Circuit has held that "absent 'exceptional circumstances,' a defendant may not recover attorneys' fees when a plaintiff dismisses an action with prejudice." *Id*. The Second Circuit follows a similar approach:

---

[3]The district court for the Northern District of Illinois disagreed with defendants who argued that "the presumption against fees in connection with a dismissal with prejudice is inapplicable . . . because their ultimate goal is a trial on the merits" and the award of fees was "an appropriate *quid pro quo* for allowing the plaintiffs to avoid trial." *Chavez v. Illinois State Police*, 1999 WL 754681 at *6, (N.D. Ill. 1999) (Not reported in F.Supp.2d). The Court stated that although the defendants may believe they would win at trial,
> a dismissal of the remaining claims with prejudice gives the defendants an airtight, unappealable victory on the merits of those claims. The defendants are not entitled to penalize the plaintiffs for handing them a no-contest victory and thereby depriving them of the opportunity to achieve substantially the same result-victory-after a trial.

*Id.*

>Noting that the purpose of such awards is generally to reimburse the defendant for the litigation costs incurred in view of the risk that the same suit will be refiled and will impose duplicative expenses upon the defendant, the Second Circuit contrasted the situation in which a lawsuit is voluntarily dismissed with prejudice under Rule 41(a)(2); in such a circumstance, the Second Circuit maintained that "attorney's fees have almost never been awarded." The Second Circuit went on to suggest that when a suit is dismissed voluntarily with prejudice, an award of attorney's fees is appropriate only when there is independent statutory authority for such an award. Other courts also have taken this approach.

*Id*.

Upon review of the record, the Court **FINDS** that although plaintiff's motion to dismiss was filed after defendant filed its motion for summary judgment, because plaintiff requests dismissal with prejudice, defendants do not risk incurring additional costs and fees for relitigation of this claim. The Court further **FINDS** that allowing defendant to pursue fees and costs under Fed. R. Civ. P. 41 or sanctions under Fed. R. Civ. P. 11 is not appropriate under the circumstances. Accordingly, the Court **GRANTS** plaintiff's motion to dismiss with prejudice, each party to bear their own costs of suit. Defendant's motion for summary judgment (Doc. 53) is **DENIED** as **MOOT**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED**

**DATE: April 9, 2010**

                                           **/s/  WILLIAM D. STIEHL**
                                              **DISTRICT JUDGE**